Case 2:21-cv-00058 Document 20 Filed on 09/08/22 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LEO TRAYLOR, JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00058 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Leo Traylor, Jr., filed this action to appeal the denial of his application for Social Security disability benefits. (D.E. 1). The parties filed construed cross-motions for summary judgment. (D.E. 15; D.E. 16). After reviewing the motions, United States Magistrate Judge Julie Hampton issued her Memorandum and Recommendation ("M&R"), recommending that the Court: (1) grant Defendant's motion for summary judgment (D.E. 16); (2) deny Plaintiff Leo Traylor, Jr.'s motion for summary judgment (D.E. 15); and (3) dismiss Plaintiff's complaint (D.E. 1). (D.E. 17, p. 1). Plaintiff timely filed objections to the M&R on August 31, 2022. (D.E. 18). For the following reasons, the Court **OVERRULES** Plaintiff's objections (D.E. 18) and **ADOPTS** the findings and conclusions of the M&R (D.E. 17).

### I. Standards of Review

#### A. Magistrate Judge's M&R

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to."). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Administrative Determination

There are two questions in an appeal of the denial of disability benefits: (1) whether "substantial evidence" supports the Administrative Law Judge's ("ALJ") decision, and (2) whether "the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

On review, the Court may not reweigh the evidence, as it is the ALJ's responsibility to resolve conflict in the evidence, not the Court's. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Further, "[w]ithout a demonstration that 'no credible evidentiary choices or medical findings support the [ALJ's] decision,' the Court will not substitute its judgment for the ALJ's." *Acuna v. Comm'r of Soc. Sec.*, 2:20-CV-00238, 2022 WL 884482, at *3 (S.D. Tex. Mar. 25, 2022) (Ramos, J.) (citing *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)).

## II. Analysis

The magistrate judge concluded that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence because the ALJ properly evaluated the opinion of consultive examiner Dr. Paul S. McCollum. (D.E. 17, p. 19). In drawing this conclusion, the magistrate judge specifically highlights the ALJ's determination that Dr. McCollum's opinions

were only partially persuasive because they were not consistent with nor supported by the record as a whole. *Id.*; *see also* 20 C.F.R. §§ 404.1520c(b), 404.1545(a)(3) (2022).

Plaintiff objects to these portions of the M&R and reargues his position on summary judgment—that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to properly evaluate Dr. McCollum's opinions. *See* (D.E. 18); (D.E. 15-1, p. 8–9). Specifically, two of Dr. McCollum's opinions are the subjects of this dispute: (1) that Plaintiff could not concentrate and persist at a reasonable pace and (2) that Plaintiff could only handle minimal pressures in a competitive work setting and needed support from others to interact socially with supervisors. *See* (D.E. 17, p. 17–18).

After a de novo review, the Court finds that substantial evidence supports the ALJ's conclusions and that the ALJ applied the proper legal standards when evaluating the evidence. Therefore, the Court **OVERRULES** Plaintiff's objections (D.E. 18) and **ADOPTS** the findings and conclusions of the M&R (D.E. 17).

### A. The ALJ's conclusion that Dr. McCollum's first opinion was only partially persuasive is supported by substantial evidence

First, Plaintiff objects to the magistrate judge's conclusion that the ALJ adequately discussed the consistency and supportability of Dr. McCollum's opinion that Plaintiff could not concentrate and persist at a reasonable pace. (D.E. 18, p. 1–2). Plaintiff contends that the ALJ ignored evidence of Plaintiff's reports of "significant mental health symptoms to his treating providers," and relied on "a selective reading of the evidence to support her conclusion." *Id.* at 2. The Court disagrees.

In evaluating medical opinions, an ALJ must consider several factors, including: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors as applicable. 20 C.F.R. § 404.1520c(c). The most important factors when evaluating

persuasiveness are supportability and consistency. *Id.* § 404.1520c(a). "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). "Consistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

After review, the Court finds that the ALJ adequately discussed the supportability and consistency of Dr. McCollum's opinion and that her conclusion that it was only partially persuasive is supported by substantial evidence. The ALJ found Dr. McCollum's opinion that Plaintiff could not persist and concentrate at a reasonable pace unpersuasive because it "was not consistent with objective findings in the record or the claimant's reported symptoms to providers." (D.E. 9-3, p. 30). Plaintiff argues that in so finding, the ALJ ignored Plaintiff's reports of decreased concentration ability, feeling restless, and feelings of other mental health issues such as depression. (D.E. 18, p. 2). However, the ALJ discussed these reports in her findings and ultimately found that they did not support Dr. McCollum's opinions on Plaintiff's ability to persist and concentrate. For example, the ALJ acknowledged that "[t]he claimant reported anxiety to [other] providers, but did not report symptoms of **distractibility** or **concentration** problems." (D.E. 9-3, p. 30) (emphasis added). The ALJ also concluded that "objective psychiatric noted the claimant to be alert, oriented, with linear thought process, intact judgment, and normal thought content." *Id.* (citing Plaintiff's medical records and other consultive evaluations). Lastly, the ALJ explained her reasoning for finding other consultive evaluations more persuasive. *See id.* at 25–30.

Even if Plaintiff did report concentration problems, the ALJ was entitled to weigh the evidence in drawing her conclusions. *See Martinez*, 64 F.3d at 174. To the extent there was any conflict in the record, the ALJ resolved conflict and explained her reasonings for doing so throughout her findings. The Court cannot reweigh this evidence. *See id.* For these reasons, the Court finds that the ALJ properly considered the record as a whole and committed no legal error in evaluating Dr. McCollum's opinions. The Court also finds that substantial evidence supports the ALJ's conclusion on this issue. As such, Plaintiff's objections on this issue are **OVERRULED**.

### B. The ALJ's conclusion that Dr. McCollum's second opinion was only partially persuasive is supported by substantial evidence

Next, Plaintiff objects to the magistrate judge's finding that substantial evidence supported the ALJ's conclusion that Dr. McCollum's opinion that Plaintiff could handle only minimal pressures in a competitive work setting and needed support from others to interact socially with supervisors was only partially persuasive. (D.E. 18, p. 2). Plaintiff particularly takes issue with the fact that the magistrate judge provided support for the ALJ's conclusion by listing evidence supporting the conclusion that was not cited by the ALJ. *Id.* (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (explaining that disability decisions "must stand or fall with the reasons set forth in the ALJ's decision")). Plaintiff also complains that the magistrate judge did not address Plaintiff's argument that the ALJ improperly dismissed Dr. McCollum's opinion because they "appeared to rely on [Plaintiff's] own statement about symptoms." *Id.* at 3. Plaintiff argues that by making this statement, the ALJ discounted the opinion of Dr. McCollum "without specific, legitimate reasons," and as such "impermissibly substitute[d] a layman's view of a disorder in lieu of an expert opinion." *Id.* (citing *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *10 (N.D. Tex. May 25, 2010) (Cureton, M.J.) (internal quotations omitted)).

After review, the Court finds that the ALJ's decision adequately sets forth her reasoning in concluding that Dr. McCollum's opinion was only partially persuasive and that such conclusion is supported by substantial evidence. The ALJ found that "Dr. McCollum did not provide objective support for his opinion and his opinion was not evident from his examination . . . ." (D.E. 9-3, p. 30). That Dr. McCollum's opinion was not evident from his examination led the ALJ to conclude that Dr. McCollum "appeared to rely on the claimant's own statement about symptoms." *Id.* As such, the ALJ provided a specific, legitimate reason for finding this opinion only partially persuasive—that Dr. McCollum had not explained the reasoning for this opinion nor provided objective support. *See Tusken*, 2010 WL 2891075, at *10.

Other evidence cited by the ALJ also supports this conclusion. The ALJ reasoned that Dr. McCollum's opinion was "inconsistent with the record of treatment, which documented a lack of professional psychiatric treatment for mental impairments" and that "psychiatric findings in the record generally note the claimant to have appropriate affect and normal behavior." (D.E. 9-3, p. 30). In making these observations—and ultimately concluding that Dr. McCollum's opinion was only partially persuasive—the ALJ relied on the record as a whole and specifically cited to Plaintiff's medical records and other consultive evaluations. *See id.* (observing that the "record as a whole more accurately supports that the claimant has mild limitations in adapting and managing himself" and that "the claimant is more appropriately limited to occasional interaction with supervisors and coworkers.").

For these reasons, the Court finds that substantial evidence supports the ALJ's conclusion on this issue. As such, Plaintiff's objections on this issue are **OVERRULED**.

## III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the magistrate judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **ORDERS** the following:

(1) The Court **OVERRULES** Plaintiff's objections. (D.E. 18).

(2) The Court **ADOPTS** the findings and conclusions of the M&R. (D.E. 17).

(3) Plaintiff's motion for summary judgment is **DENIED** (D.E. 15) and Defendant's motion for summary judgment is **GRANTED** (D.E. 16). Plaintiff's complaint is **DISMISSED**. (D.E. 1).

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 2̸f̸, 2022